**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CORA CAPITAL ADVISORS LLC, a New Jersey limited liability company, | CIVIL ACTION NO. 26-cv-____ |
| Plaintiff, | |
| v. | |
| GARY M. SHICKORA, an individual residing in the State of New Jersey; MARK V. SCARLETT, an individual residing in the State of New Jersey; THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, a Wisconsin corporation; NORTHWESTERN MUTUAL INVESTMENT SERVICES, LLC, a Wisconsin limited liability company and DOES I – X, | **COMPLAINT** |
| | **JURY TRIAL DEMANDED** |
| Defendants. | |

## COMPLAINT

Plaintiff CORA CAPITAL ADVISORS LLC, a New Jersey limited liability company files this Complaint against GARY M. SHICKORA; MARK V. SCARLETT; THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, a Wisconsin corporation; NORTHWESTERN MUTUAL INVESTMENT SERVICES, LLC, a Wisconsin limited liability company; and DOES I – X, the identities of which are unknown (collectively, the "Doe Defendants").

1

## Introduction

1.    This is an action for willful infringement of a United States Registered Trademark, for other violations of the Lanham Act, and for unfair competition under federal law and the common law of the State of New Jersey.

## The Parties

2.    Plaintiff CORA CAPITAL ADVISORS LLC ("Cora" or Plaintiff") is a New Jersey limited liability company with a principal place of business at 4 Eves Drive, Marlton, New Jersey 08053.

3.    Defendant GARY M. SHICKORA ("Shickora") is a resident of the State of New Jersey doing business in the State of New Jersey as CORA WEALTH MANAGEMENT with a principal place of business at 501 Fellowship Road, Mount Laurel, New Jersey 08054.

4.    Defendant MARK V. SCARLETT ("Scarlett") is a resident of the State of New Jersey doing business in the State of New Jersey as CORA WEALTH MANAGEMENT with a principal place of business at 501 Fellowship Road, Mount Laurel, New Jersey 08054.

5.    THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY ("Northwestern") is a Wisconsin corporation, with its principal place of business at 720 East Wisconsin Avenue, Milwaukee, Wisconsin, which regularly does business in the State of New Jersey.

6.    Defendant NORTHWESTERN MUTUAL INVESTMENT SERVICES, LLC ("NMIS"), is a Wisconsin limited liability company, with its principal place of business at 720 East Wisconsin Avenue, Milwaukee, Wisconsin, and doing business in the State of New Jersey as CORA WEALTH MANAGE-MENT with an office at 501 Fellowship Road, Mount Laurel, New Jersey 08054.

7.    Plaintiff is unaware of the names and capacities, whether corporate, partnership, associate, individual or otherwise, of sued herein as DOES I – X, inclusive, and therefore complains of those parties using such fictitious names.

8.    Upon information and belief, Shickora, Scarlett and Does I – V are employees or agents of NMIS.

9.    Plaintiff is informed and believes, and on that basis alleges, that the fictitiously named Doe Defendants are responsible in some manner for the conduct described in this Complaint. Plaintiff will seek leave to amend this Complaint to allege the true names and capacities of the fictitiously named Doe Defendants, when the same becomes known to Plaintiff.

10.    At all relevant times herein, each Defendant, whether actually or fictitiously named, was the alter-ego, principal, agent, or employee of each other Defendant, and in acting as such alter-ego or principal, or within the course and scope of such agency or employment, took some part in the acts and omissions

3

hereinafter set forth by reason of which each Defendant is liable for the relief prayed for herein.

11.     When reference in this Complaint is made to any act or omission of a Defendant corporation, company, association, business entity, or partnership, such allegation shall be deemed to mean that the Defendant and its owners, officers, directors, agents, employees, or representatives did or authorized such act or omission while engaged in the management, direction, or control of the affairs of Defendant and while acting within the scope and course of their duties.

12.     Plaintiffs are informed and believe, and on that basis allege, that at all times material herein, each Defendant named herein, including Does 1 through 10, acted as the partner, joint venturer, agent, representative, and/or alter ego of or for the other Defendants.

## Jurisdiction and Venue

13.     This is an action for trademark infringement, false designation of origin and description in violation of the Lanham Act, and unfair competition (under federal law and the common law of New Jersey) and for related claims, including the recovery of damages from the unjust enrichment of the Defendants.

14.     This Court has original subject matter jurisdiction over this action pursuant to 15 U.S.C. §1121 (actions arising under the Federal Trademark Act) and

28 U.S.C. §1338(a) and (b) (acts of Congress relating to trademarks and unfair competition claims) and pendent jurisdiction pursuant to 28 U.S.C. §1367.

15.   Defendants are subject to this Court's personal jurisdiction in that they are either residents of the State of New Jersey, have offices in State of New Jersey, and/or regularly conduct business within the State of New Jersey.

16.   Venue is appropriate in this judicial district pursuant to 28 U.S.C. §1391 because, among other reasons, a substantial part of the events or omissions giving rise to the claims at issue in this action occurred in this judicial district, and a substantial part of the property that is the subject of the action is situated in this judicial district.

## Factual Background

17.   Cora was organized in 2014 and, since that date, has been in the business of providing financial planning and investment advisory services.

18.   Cora is a Registered Investment Advisor registered with the U.S. Securities and Exchange Commission and the New Jersey Bureau of Securities.

19.   Since at least January 1, 2015, Cora has adopted and used a number of valuable trademarks including "CORA", "CORA CAPITAL", "CORA CAPITAL ADVISORS" and the logo trademark depicted here:



and has continuously used them since that date.

20.     On or about June 12, 2018, Cora filed an application with the United States Patent and Trademark Office (the "Trademark Office") to register the trademark "CORA CAPITAL ADVISORS" as a "word plus design" composite trademark, incorporating the design depicted above and specifying "Financial planning and investment advisory services". That application was assigned Application Serial Number 87/958,287.

21.     Such filing constituted notice to the Defendants, and each of them, of Cora's ownership of such trademark pursuant to 15 U.S.C. § 1072.

22.     On January 29, 2019, the Trademark Office registered the trademark as U.S. Registered Trademark Number 5,666,415 (the "CORA REGISTERED TRADEMARK").  A copy of Registration Certificate for the CORA REGISTERED TRADEMARK is attached as Exhibit A hereto.

23.     On May 30, 2025, the Trademark accepted the Combined Declaration of Use and Incontestability submitted by Cora, thereby rendering the CORA REGISTERED TRADEMARK incontestable pursuant to 15 U.S.C. § 1065.

24.     The CORA REGISTERED TRADEMARK is subsisting, valid and enforceable and is a valuable asset of Cora.

25.     The CORA REGISTERED TRADEMARK has also acquired secondary meaning through its continuous use and promotion by Cora and has

come to identify the financial planning and investment advisory services provided by Cora and symbolize the quality and dependability of those services.

26.     The Defendants Schikora, Scarlett, NMIS and Northwestern (and Does I – V) are also in the business, *inter alia*, of providing financial planning and investment advisory services.

27.     Upon information and belief, in 2025 Schikora and Scarlett (and Does I – V) adopted the unregistered trademark CORA WEALTH MANAGEMENT to promote their business of providing financial planning and investment advisory services and have used it – and derivations of it – for that purpose since that time.

28.     Upon information and belief, Defendants Schikora and Scarlett and Does I – V have been employees or agents of NMIS at all times relevant hereto.

29.     Upon information and belief, in 2025 Defendant NMIS began using the unregistered trademark CORA WEALTH MANAGEMENT to promote the business of Defendants Shickora and Scarlett and others associated with them, in connection with the provision of financial planning and investment advisory services offered by NMIS and have continued to do so continuously since that date.

30.     Defendant Northwestern is the direct or indirect parent of NMIS and exerts operational control over Defendants NMIS and, thereby, over Shickora and Scarlett (and Does I – V).

7

31.     In 2025 Defendant Northwestern began using the unregistered trademark CORA WEALTH MANAGEMENT on its websites to promote the business of financial planning and investment advisory services offered by NMIS, Shickora and Scarlett (and Does I – V) and has continuous done so since that date.

32.     The unregistered trademark CORA WEALTH MANAGEMENT is confusingly similar to the CORA REGISTERED TRADEMARK.

33.     The unregistered trademark CORA WEALTH MANAGEMENT is confusingly similar to the unregistered trademarks of Cora including "CORA", "CORA CAPITAL" and "CORA CAPITAL ADVISORS".

34.     The Defendants, and each of them, have used and are using the unregistered trademark CORA WEALTH MANAGEMENT to conduct the same business as that conducted by Cora using the CORA REGISTERED TRADEMARK.

35.     The Defendants, and each of them, have used and are using the unregistered trademark CORA WEALTH MANAGEMENT – and derivations thereof – in the same business as that conducted by Cora using the unregistered trademarks of Cora including "CORA", "CORA CAPITAL".

36.     The Defendants, and each of them, have used and are using the unregistered trademark CORA WEALTH MANAGEMENT – and derivations thereof – to unlawfully compete with Cora.

37.     The Defendants, and each of them, has engaged in this unlawful conduct with the knowledge and intention that it would affect and damage Cora.

38.     As a direct result of the unlawful conduct of the Defendants, individuals and businesses that have transacted business with Cora and individuals and businesses that have considered transacting business with Cora have been confused and come to believe that they were transacting business with Cora (when they are not) and/or believed that Cora and/or Cora approved, endorsed or sponsored the services offered by the Defendants (which they have not).

39.     Cora has never authorized the Defendants, or any of them, to use the CORA REGISTERED TRADEMARK or any reproductions, counterfeits, copies or colorable imitation of either of them.

40.     On December 19, 2025, Cora (through its counsel) demanded that the Defendants immediately cease the use of the unregistered trademark CORA WEALTH MANAGEMENT – and derivations thereof – but the Defendants have failed and refused to do so.

41.     Cora has been damaged and will continue to be damaged by the unlawful conduct of the Defendants unless and until such conduct is halted by the Court.

42.     Monetary damages will not, alone, be adequate to redress past and future damages sustained by Cora as a result of the Defendants' unlawful conduct.

9

## CLAIMS FOR RELIEF

## COUNT ONE

### INFRINGEMENT OF REGISTERED TRADEMARKS
### LANHAM ACT, 15 U.S.C. § 1114

43.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 42, inclusive, as though fully set forth herein.

44.     The Defendants and each of them, have infringed the CORA REGISTERED TRADEMARK in interstate commerce in violation of 15 U.S.C. § 1114 by various acts, including, without limitation, the unauthorized use of the unregistered trademark CORA WEALTH MANAGEMENT – and derivations thereof – which are reproductions, counterfeits, copies or colorable imitations of the CORA REGISTERED TRADEMARK, in the sale, offering for sale, promotion and advertisement of Cora's services which services are not those of Plaintiff.

45.     The Defendants and each of them, have themselves infringed, directly and/or vicariously or contributorily, and induced and/or aided and abetted the other Defendants to infringe the CORA REGISTERED TRADEMARK in interstate commerce in violation of 15 U.S.C. § 1114 by various acts, including, without limitation, the unauthorized use of the unregistered trademark CORA WEALTH MANAGEMENT and derivations thereof.

10

46.    The unregistered trademark CORA WEALTH MANAGEMENT – and derivations thereof – are reproductions, counterfeits, copies or colorable imitations of the CORA REGISTERED TRADEMARK.

47.    The Defendants and each of them, have used the unregistered trademark CORA WEALTH MANAGEMENT – and derivations thereof – in interstate commerce in the sale, offering for sale, promotion and advertisement of services which services are not those of Plaintiff.

48.    Such infringement by Defendants, and each of them, has been direct and indirect, primary and secondary.

49.    The Defendants' continued use of the unregistered trademark CORA WEALTH MANAGEMENT – and derivations thereof – which are reproductions, counterfeits, copies or colorable imitations of the CORA REGISTERED TRADEMARKS, is without the permission or authority of Plaintiff and has caused and is likely to cause confusion, cause mistake and/or to deceive those in the relevant market in violation of 15 U.S.C. § 1114.

50.    The Defendants' continued use of the CORA REGISTERED TRADEMARK or reproductions, counterfeits, copies or colorable imitations thereof in connection with the offering of the same or related services has been made notwithstanding Plaintiff's well-known and prior established rights in the CORA REGISTERED TRADEMARK and with both actual and constructive

notice of the CORA REGISTERED TRADEMARK, including under 15 U.S.C. §1072.

51.     The Defendants' continued infringement of the CORA REGISTERED TRADEMARK has been and continues to be willful, entitling Plaintiff to damages including statutory and trebled damages pursuant to 15 U.S.C. § 1117.

52.     The Defendants' continued infringing activities have caused and, unless enjoined by this Court, will continue to cause irreparable injury and other damage to Plaintiff, its business, its reputation and loss of goodwill in the CORA REGISTERED TRADEMARK for which Plaintiff will have no adequate remedy at law.

## COUNT TWO

### UNFAIR COMPETITION
### LANHAM ACT, 15 U.S.C. § 1125(a)

53.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 52, inclusive, as though fully set forth herein.

54.     The CORA REGISTERED TRADEMARK and the unregistered trademarks of Cora, including "CORA", "CORA CAPITAL", and "CORA CAPITAL ADVISORS",  as used in connection with Cora's financial services and investment advisory services, are distinctive, associated with the high quality and reliability of the services offered by Plaintiff and have become closely associated

with Plaintiff through continuous, extensive and widespread use in interstate commerce of CORA REGISTERED TRADEMARK and Plaintiff's unregistered trademarks by Plaintiff. They have acquired secondary meaning through their continuous use and promotion by Plaintiff.

55. The unregistered trademark CORA WEALTH MANAGEMENT – and derivations thereof – are used by the Defendants to offer services to customers in the same field or fields as those offered by Plaintiff.

56. The Defendants' use of the unregistered trademark CORA WEALTH MANAGEMENT – and derivations thereof – has caused and is likely to cause confusion, mistake or to deceive consumers as to an assumed affiliation, connection or association of the Defendants with Plaintiff, or to cause confusion, mistake or to deceive consumers as to the source, sponsorship or approval of the Defendants' services, thereby entitling Plaintiff to relief under 15 U.S.C. §1125(a).

57. The Defendants' actions have been knowing, deliberate and willful and intended to cause mistake or to deceive consumers in disregard of Plaintiff's rights.

58. The Defendants' continued infringement of the Plaintiff's trademarks has been and continues to be willful, entitling Plaintiff to damages including statutory and trebled damages pursuant to 15 U.S.C. § 1117.

13

59.    The Defendants' continued infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Plaintiff, its business, its reputation and loss of goodwill in the Plaintiff's trademarks for which Plaintiff will have no adequate remedy at law.

### COUNT THREE

### FALSE DESIGNATION OF ORIGIN
### LANHAM ACT, 15 U.S.C. § 1125(a)

60.    Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 59, inclusive, as though fully set forth herein.

61.    The Defendants' use in commerce of the unregistered trademark CORA WEALTH MANAGEMENT – and derivations thereof – that are confusingly similar to the CORA REGISTERED TRADEMARK and the Plaintiff's unregistered trademarks – as trade names or trademarks for services offered to customers in the field of Cora's investment and investment advisory services – constitutes a false designation of origin by creating the appearance and impression that the Defendants' services are those of Plaintiff when, in fact, they are not.

62.    By engaging in such conduct, the Defendants, and each of them, have engaged in false designation of origin and false designation of sponsorship in violation of the Lanham Act, 15 U.S.C. § 1125(a).

14

63.     The Defendants' actions have been knowing, deliberate and willful and intended to cause mistake or to deceive consumers in disregard of Plaintiff's rights.

64.     The Defendants' continued wrongful and unlawful conduct has been and continues to be willful, entitling Plaintiff to damages including statutory and trebled damages pursuant to 15 U.S.C. § 1117.

65.     The Defendants' continued infringing activities have caused and, unless enjoined by this Court, will continue to cause irreparable injury and other damage to Plaintiff, its business, its reputation and loss of goodwill in the CORA REGISTERED TRADEMARK and Cora's unregistered trademarks for which Plaintiff will have no adequate remedy at law.

### COUNT FOUR

#### COMMON LAW UNFAIR COMPETITION

66.     The Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 65, inclusive, as though fully set forth herein.

67.     The Plaintiff has established valuable goodwill in the CORA REGISTERED TRADEMARK and in its unregistered trademarks.

15

68.     In addition to its rights under the Lanham Act, Plaintiff has valid, common law rights in its trade name and trademarks including the CORA REGISTERED TRADEMARK and its unregistered trademarks.

69.     The Defendants' use of the unregistered trademark CORA WEALTH MANAGEMENT – and derivations thereof – that are confusingly similar to the CORA REGISTERED TRADEMARK and Cora's unregistered trademarks – as trade names or trademarks for services offered to customers in the field of financial services and investment advisory services – in addition to violating federal trademark and unfair competition law, also constitutes common law unfair and unlawful competition with Plaintiff by the Defendants, and each of them.

70.     The Defendants' actions have been knowing, deliberate and willful and intended to cause mistake or to deceive consumers in disregard of Plaintiff's rights.

71.     The Defendants' continued wrongful and unlawful conduct has been and continues to be willful, entitling Plaintiff to damages including exemplary and punitive damages.

72.     The Defendants' continued wrongful and unlawful conduct has caused and, unless enjoined by this Court, will continue to cause irreparable injury and other damage to Plaintiff, its business, its reputation and loss of goodwill in the

16

CORA REGISTERED TRADEMARK and its unregistered trademarks for which Plaintiff will have no adequate remedy at law.

## COUNT FIVE

### RIGHT TO DAMAGES FOR UNJUST ENRICHMENT

73. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 72, inclusive, as though fully set forth herein.

74. By engaging in the aforementioned conduct, the Defendants, and each of them, has been and will be unjustly enriched.

75. The Defendants' continued wrongful and unlawful conduct has been and continues to be willful, entitling Plaintiff to damages including exemplary and punitive damages.

76. The Defendants' continued wrongful and unlawful conduct has caused and, unless enjoined by this Court, will continue to cause irreparable injury and other damage to Plaintiff, its business, its reputation and loss of goodwill in the CORA REGISTERED TRADEMARK and its unregistered trademarks for which Plaintiff will have no adequate remedy at law.

77. Under the facts and circumstances described above, the Defendants should not be permitted to retain the benefits of their unjust enrichment at the expense of Plaintiff.

17

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant it the following relief:

A.    An award of damages to Plaintiff, including compensatory, special, exemplary, punitive, statutory and trebled damages (as appropriate to the cause of action) to be assessed, jointly and severally, directly and vicariously, against the Defendants;

B.    A preliminary and permanent injunction restraining the Defendants, together with their officers, employees, agents, successors and assigns and all others acting for, by, or in concert with any of them, from adopting, using or displaying any trade name or trademark that is confusingly similar with the CORA REGISTERED TRADEMARK and its unregistered trademarks, including, but not limited to, the unregistered trademark CORA WEALTH MANAGEMENT – and any derivations thereof.

C.    An Order requiring the Defendants, and each of them, to account to Plaintiff for their profits resulting from their unlawful conduct;

D.    An Order requiring the Defendants, and each of them, to destroy all materials bearing or incorporating any trade name or trademark that is confusingly similar with the CORA REGISTERED

TRADEMARK or with of any of Plaintiff's unregistered trademarks, including, "CORA", "CORA CAPITAL", and "CORA CAPITAL ADVISORS";

E.    An award to Plaintiff of its attorneys' fees and costs; and

F.    Such other relief as the Court deems just and equitable under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury for all issues so triable.

Dated: March 31, 2026            Respectfully submitted,

By: /s/ *Elliott J. Stein*

Elliott J. Stein (SBN119153)
*elliott.stein@stevenslee.com*
**STEVENS & LEE**
510 Carnegie Center Drive, Suite 400
Princeton, NJ 08540
Telephone: (609) 243-9111
Facsimile: (609) 243-9333

*Attorneys for Cora Capital Advisors, LLC*

19